chor, went in search of it, and succeeded in finding but was unable to raise it, when another wrecker, employed by the owners, came to the spot, and offered him twenty-five dollars for what he had done: and, when that offer was rejected, offered the use of a steam winch for raising the anchor. The first wrecker expended money and time in recovering the anchor, and refused a tender of fifty dollars. *Held*, that he should have twenty-five dollars, without costs.

The steamship Palestine, in coming to anchor inside of Boston light, at night, on Saturday, Jan. 6, 1876, lost an anchor and chain. On the following Monday, Francis H. Caverly, one of the libellants, master of the wrecking schooner Plover, who now joins his crew with him in this proceeding, applied to the pilot who had brought in the steamship to give him the range of the place where the anchor and chain were lost. The pilot replied that he supposed that the agents of the ship, Warren & Co., of Boston, were negotiating for the recovery of the property, and if Captain Caverly would bring an order from them, he would give him the information. Without seeing the agents, Captain Caverly went down with his vessel to the place he supposed to be that of the loss, and succeeded in finding the end of the cable. While he was trying to raise the anchor, which was very heavy and was fast in the clay, a wrecker came down who had been engaged by the agents of the ship, upon the terms that he should have twenty-five dollars if unsuccessful, and fifty dollars if he brought up the anchor and chain. This wrecker had a steam winch, and offered the libellant, Caverly, who was not provided with such an apparatus, to let him have the use of it; he also offered to buy out the libellants. Both offers were rejected, and this wrecker went back to Boston. Caverly found that he could not raise the anchor, and went to town and hired a wrecker who had the necessary means, and who had been an unsuccessful bidder for the contract, to come and raise the anchor, for forty dollars, which he did. The claimants tendered the libellant fifty dollars, which he refused.

J. B. Richardson, for libellants.
M. Storey, for claimants.

LOWELL, District Judge. There seems to be an unwritten law in the harbor of Boston, that whoever first obtains possession of a lost anchor holds it against all the world until his salvage is paid. Such a usage cannot stand the examination of the courts. This anchor and chain were not derelict in any proper sense. Their owners were known to the master of the Plover, and it was known that they had the hope and reasonable expectation of recovering it. This libellant might have been a bidder for the contract, but he has no right to make his bid with one end of the cable in his possession. When the contractor came

down and was prepared to offer him twenty-five dollars, which represented the full amount of trouble which the libellants had saved him, they should have accepted the offer.

They were likewise bound to accept the offer of his steam winch, their own appliances being inadequate, by which they would have saved a day and a large expense. The net result of these exertions is that the true and known owners of the property have met with delay, trouble, and the expenses of a lawsuit, all growing out of a mistaken notion that possession of another man's property gives the possessor a right to deal with it as he pleases.

The cases of ships or goods picked up at sea, in which there can be no reasonable ground to believe that the owner would ever have seen them again if the salvor had not happened to find them, have no application to an anchor and chain lost in a known spot within the limits of the port where the vessel is lying.

Considering that this is the first case of the kind, I shall allow the libellants the twenty-five dollars, without costs; though, in the next case of the kind, salvage will probably be refused. Decree accordingly.

═══════

ONE BARREL OF WHISKEY (UNITED STATES v.). See Case No. 15,921.

ONE CASE (UNITED STATES v.). See Case No. 15,922.

═══════

## Case No. 10,518.

### ONE CASE CASHMERE SHAWLS v. UNITED STATES.

[See Case No. 15,923.]

═══════

ONE CASE OF CASHMERE SHAWLS (UNITED STATES v.). See Case No. 15,923.

ONE CASE OF HAIR PENCILS (UNITED STATES v.). See Case No. 15,924.

ONE CASE OF SILK (UNITED STATES v.). See Case No. 15,925.

ONE CASE OF SPARKLING WINE (UNITED STATES v.). See Case No. 14,614.

ONE CASE OF STEREOSCOPIC SLIDES (UNITED STATES v.). See Case No. 15,927.

ONE CASK OIL (LEARS v.). See Case No. 8,161a.

ONE COPPER STILL (UNITED STATES v.). See Case No. 15,928.

ONE DISTILLERY (UNITED STATES v.). See Cases Nos. 15,929 and 15,930.

ONE HALF BARREL BRANDY (UNITED STATES v.). See Case No. 15,931.

ONE HORSE (UNITED STATES v.). See Case No. 15,932.